IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOLLIS D. GRAHAM and SHIRLEY GRAHAM, <br><br> Plaintiffs, <br><br> v. <br><br> SUN CHEMICAL CORPORATION; <br> AMERICAN OFFSET PRINTING INK, INC.; <br> VARN INTERNATIONAL, INC; et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Sun Chemical Corporation ("Sun"), American Offset Printing Ink, Inc. ("American Offset"), and Varn International, Inc. ("Varn") (hereinafter collectively "Defendants"), hereby remove this case and give notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. As grounds for this removal, Defendants state as follows:

### BACKGROUND

1. On July 25, 2018, Plaintiffs Hollis D. Graham and Shirley Graham ("Plaintiffs") commenced a civil action against Sun, American Offset, Varn, and "Fictitious Defendants '1 through 100'" by filing Summonses and a Complaint in the Circuit Court of Jefferson County, Alabama, where it was assigned Case Number CV-2018-902924.00.

2. Plaintiffs effected service of the Complaint upon Sun and American Offset on July 30, 2018. Plaintiffs served Varn on July 31, 2018.

3. Defendants file this Notice of Removal within thirty (30) days after service upon Sun and American Offset.

4. On August 21, 2018, Plaintiffs filed an Amended Complaint purporting to add four new defendants to this action. None of the newly added defendants is alleged to be incorporated in Tennessee or Alabama or have its principal place of business in Tennessee or Alabama. To the best of Defendants' knowledge after diligent investigation, none of the defendants added in the Amended Complaint had been served with the summons and complaint as of the time this Notice of Removal was filed.

5. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original subject matter jurisdiction under 28 U.S.C. § 1332.

## BASIS FOR JURISDICTION

6. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in state court to the federal district court in which the civil action was filed whenever the district court has original jurisdiction to consider the case. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action in pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question." Loss Mountain Homeowners Ass'n, Inc. v. Rice, 248 F. App'x 114, 115 (11th Cir. 2007).

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs are citizens of a different state than each of the Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## I.   Complete Diversity Exists.

8.   According to the Complaint, Plaintiffs are residents of the State of Tennessee. (See Compl. ¶ 5.)  Upon information and belief, Plaintiffs are also citizens of the State of Tennessee.

9.   Sun is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

10.   American Offset is a North Carolina corporation with its principal place of business in Charlotte, North Carolina.

11.   Varn is a Delaware corporation with its principal place of business in Plymouth, Michigan.

12.   Newly added (but as yet un-served) defendant Anchor/Lith-kem-ko Inc. is alleged to be a Delaware corporation with its principal place of business in New Jersey.

13.   Newly added (but as yet un-served) defendant Flint Group US LLC is alleged to be a Texas company with its principal place of business in Michigan.  On information and belief, Flint Group US LLC no longer exists and became two Texas Limited Liability companies, each owned by a Delaware company, all with their principal place of business in Michigan.

14.   Newly added (but as yet un-served) defendant Day International Inc. is alleged to be a Delaware corporation with its principal place of business in Ohio.

15.   Newly added (but as yet un-served) defendant Prisco Inc. is alleged to be a New Jersey corporation with its principal place of business in New Jersey.

16.   Pursuant to 28 U.S.C. § 1441(b), "[t]he citizenship of defendants sued under fictitious names shall be disregarded" when considering removal based on diversity jurisdiction.

17. Accordingly, there is complete diversity between Plaintiffs and Defendants, and this action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## II. The Amount-In-Controversy Requirement is Satisfied.

18. Plaintiffs do not specify the amount of damages, compensatory or punitive, they seek from Defendants.

19. "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement.'" Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). The removing defendant may satisfy this burden by showing either that it is "'facially apparent' from the [plaintiff's] pleading itself that the amount in controversy exceeds the jurisdictional minimum." Id. at 1061. When determining whether this burden is met, a district court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. Id. at 1062-63. District courts may also "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Rachel v. PNC Bank, NA, 2017 U.S. Dist. LEXIS 54854 *6 (S.D. Ala. Apr. 10, 2017) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Op. Co. v. Owens, 135 S. Ct. 547, 554 (2014).

20. Although Defendants deny they committed any wrong(s) entitling Plaintiffs to relief, it is facially apparent from the serious nature of Plaintiffs' allegations that the amount in controversy exceeds the jurisdictional minimum. Specifically, Plaintiffs claim that Hollis

4

Graham's exposure to Defendants' products caused him to suffer from Myelodysplastic Syndrome and Acute Myeloid Leukemia. (See Compl. ¶ 4). Plaintiffs further assert that Hollis Graham "was exposed to a deadly situation by all the Defendants in this case." (See Compl. ¶ 42). In addition, Shirley Graham is seeking damages for loss of consortium, loss of society, companionship and spousal assistance, pain and suffering and past as well as future economic damages for loss of household services. (See Compl. ¶¶ 51-52). In light of the immense expense associated the treatment of leukemia, including past and future medical expenses, and the lifetime effects of that disease on both Hollis and Shirley Graham, this Court may infer by "judicial experience" and/or "common sense" that the amount sought in this action will be greater than $75,000. See, e.g., Sanderson v. Daimler Chrysler Motor Corp., 2007 WL 2988222, at *2 (S.D. Ala. 2007) (explaining that district courts may take into consideration the everlasting nature of the injury or damage alleged).

21.    Further, Plaintiffs are claiming both compensatory and punitive damages for their injuries. As with other claimed damages, punitive damages "are considered when determining the jurisdictional threshold amount in diversity cases 'unless it is apparent to a legal certainty that such cannot be recovered.'" Jackson v. Briggs & Stratton, Case No. 2:11-cv-02268-SLB, slip op. at 11 (N.D. Ala. March 27, 2012) (citing Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)). "[T]he moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." Jones v. Hartford Fire Ins. Co., 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013); see also Tucker v. Northbrook Indem. Co., 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013) (finding it "virtually impossible to demonstrate" that punitive damages allegations are not asking

5

for recovery beyond $75,000.00); Smith v. State Farm Fire & Cas. Co., 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (noting that plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.999, and categorically state that plaintiff will never accept more"; "[o]therwise a plaintiff will find herself in a federal court").

22. Because there is complete diversity amongst the parties, and because it is facially apparent from the allegations of the Complaint that the amount in controversy exceeds $75,000.00, Defendants have met their burden of establishing by a preponderance of the evidence that this Court has original, diversity jurisdiction over this matter sufficient to support removal.

## STATUTORY REQUIREMENTS FOR REMOVAL

23. All statutory requirements for removal pursuant to 28 U.S.C. § 1441(a) have been met.

24. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within one (1) year of the commencement of this action and within thirty (30) days of service of a Summons and Complaint on the first-served Defendants, Sun and American Offset.

25. This Court is the proper venue for removal because the United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

26. A copy of all process, pleadings, and orders served upon Sun in this case is attached as **Exhibit A**; papers served upon American Offset are attached as **Exhibit B**; those served upon Varn are attached as **Exhibit C**. Further, a complete copy of the state court file for

this action as of the date of filing is attached hereto as **Exhibit D**. Defendants have therefore satisfied 28 U.S.C. § 1446(a).

27. All Defendants who are properly considered for purposes of removal are party to this Notice of Removal. As such, the unanimity of consent requirement of 28 U.S.C. § 1446(b)(2)(A) is met.

28. Contemporaneous with this filing, a copy of this Notice of Removal and a Notice of Filing Notice of Removal will be served on Plaintiffs and filed with the Clerk of the Circuit Court of Jefferson County, Alabama, as required by 28 U.S.C. 1446(d).

## RESERVATION OF RIGHTS

29. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Defendants' ability or right to assert any claim, counterclaim, cross-claim, third party claim, defense or affirmative matter, including, but not limited to: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party(ies); (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

30. Defendants reserve the right to amend or supplement this Notice of Removal should it become necessary.

WHEREFORE, Defendants pray that this Court will consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the Circuit Court of Jefferson

County, Alabama; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings served in said court.

This, the 24th day of August, 2018.

/s/ *Richard Crump*
Richard Crump (CRUMR6839)
*Attorney for Varn International, Inc.*

MARON MARVEL BRADLEY ANDERSON & TARDY LLC
200 South Lamar Street, Suite 550N
P. O. Box 22803
Jackson, MS 39225-2803
Phone:   (601) 812-6630
Facsimile: (601) 206-0119
rcrump@maronmarvel.com
*Attorney for Varn International, Inc.*

Respectfully submitted,

/s/ *W. Larkin Radney IV*
W. Larkin Radney IV (ASB-5271-D56W)
*Attorney for Defendant Sun Chemical Corporation*

OF COUNSEL:
John M. Johnson (ASB-7318-O52J)
jjohnson@lightfootlaw.com
W. Larkin Radney IV (ASB-5271-D56W)
lradney@lightfootlaw.com
Brian P. Kappel (ASB-1831-B44K)
bkappel@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

/s/ *Philip R. Collins*
Philip R. Collins (ASB-8162-L70P)
*Attorney for Defendant*
*American Offset Printing Ink, Inc.*

OF COUNSEL:
Philip R. Collins (ASB-8162-L70P)
J. Bart Cannon (ASB-8733-E52C)
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center - Suite 200
2801 Highway 280 South
Birmingham, AL   35223-2484
Telephone: (205) 251-1193
pcollins@huielaw.com
bcannon@huielaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2018, I served a true and correct copy of the foregoing by United States Mail, postage prepaid and properly addressed to the following:

> John E. Tomlinson
> Grant M. Cofer
> BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
> P.O. Box 4160
> Montgomery, Alabama 36103
> *Attorneys for Plaintiffs*

        Respectfully submitted,

        /s/ *Richard Crump*
        Richard Crump (CRUMR6839)