FILED

2018 Aug-27  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**HOLLIS D. GRAHAM AND SHIRLEY GRAHAM**                    **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 2:18-CV-01362-TMP**

**SUN CHEMICAL CORPORATION;**
**AMERICAN OFFSET PRINTING INK, INC.;**
**VARN INTERNATIONAL, INC.;**
**AND FICTITIOUS DEFENDANTS "1**
**THROUGH 100", WHETHER SINGULAR OR**
**PLURAL, OR THOSE OTHER PERSONS,**
**FIRM, CORPORATIONS, OR OTHER**
**ENTITIES WHOSE WRONGFUL CONDUCT**
**CAUSED OR CONTRIBUTED TO CAUSE THE**
**INJURIES AND DAMAGES TO THE PLAINTIFF,**
**ALL OF WHOSE TRUE AND CORRECT NAMES**
**ARE UNKNOWN TO PLAINTIFF AT THIS TIME,**
**BUT WILL BE SUBSTITUTED BY AMENDMENT**
**WHEN ASCERTAINED,**                                **DEFENDANTS**

---

## VARN INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFFS' COMPLAINT AND ANSWER TO ALL
## DEFENDANTS' CROSS-CLAIMS

---

COMES NOW the Defendant, Varn International, Inc. (hereinafter "Varn"), by and through its attorneys of record, Maron Marvel Bradley Anderson & Tardy LLC, and files this its Answer to Plaintiffs' Complaint ("Plaintiffs' Complaint") and would respectfully show unto the Court the following, to-wit:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim or cause of action against Varn upon which relief can be granted.  Plaintiffs' Complaint fails to put Varn on notice as to those claims that it is to defend against which relate to the Plaintiffs.

1

**SECOND DEFENSE**

The Plaintiffs' Complaint fails to provide a more definite statement and is vague, failing to plead with particularity specific facts relating to the claims of the Plaintiffs against Varn.

And now, without waiving the above objections, nor the bases or requests for relief contained therein, Varn answers Plaintiffs' Complaint filed against it paragraph by paragraph as follows:

**PLAINTIFFS' COMPLAINT**

**(JURY TRIAL DEMANDED)**

**INTRODUCTION**

1.      In response to the first paragraph, Varn denies this paragraph as it relates to itself. Insofar as this paragraph applies to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this unnumbered introductory paragraph and therefore denies same.

2.      The allegations of the second paragraph do not appear to relate to this Defendant; therefore, no response is required.  To the extent a response is required, Varn denies the same.

3.      The allegations of the third paragraph do not appear to relate to this Defendant; therefore, no response is required.  To the extent that this paragraph attempts to assert liability as to Varn, Varn denies the same.

4.      Varn denies the allegations of the fourth paragraph as it relates to itself. Insofar as this paragraph applies to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this unnumbered introductory paragraph and therefore denies same.

## PARTIES

5.      Varn is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the fifth paragraph, and, therefore, cannot admit or deny the same.

6.      Varn admits that it sold certain products used in the printing industry.  To the extent that this paragraph attempts to assert liability as to Varn, Varn denies the same.

7.      Varn denies the allegations contained in paragraph seven as it relates to itself. Insofar as this paragraph applies to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations in this unnumbered introductory paragraph and therefore denies same.

8.      The allegations of the eighth paragraph do not appear to relate to Varn; therefore, no response is required.  To the extent that the allegations in this paragraph attempt to assert liability on Varn, Varn denies the same.

9.      The allegations of the ninth paragraph do not appear to relate to Varn; therefore, no response is required.  To the extent that the allegations in this paragraph attempt to assert liability on Varn, Varn denies the same.

10.     Varn states that it is a Delaware corporation, with its principal place of business in Plymouth, Michigan.  Varn denies the remaining allegations contained in paragraph ten.

11.     The allegations of the eleventh paragraph do not appear to relate to Varn; therefore, no response is required.  To the extent that the allegations in this paragraph attempt to assert liability on Varn, Varn denies the same.  Insofar as they apply to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the eleventh paragraph and therefore denies same.

12.     Varn denies the allegations contained in paragraph twelve.

13.     The allegations of the thirteenth paragraph do not appear to relate to Varn; therefore, no response is required.  To the extent that the allegations in this paragraph attempt to assert liability on Varn, Varn denies the same.  Insofar as they apply to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the thirteenth paragraph and therefore denies same.

## JURISDICTION AND VENUE

14.     Varn denies the allegations of paragraph fourteen.

15.     Varn denies it is registered to do business in the State of Alabama and with the Alabama Secretary of State.  Varn denies the remaining allegations contained within paragraph 15.

16.     Varn denies the allegations contained within paragraph 16.

## FACTUAL ALLEGATIONS

17.     Varn is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the seventeenth paragraph relating to the work sites, dates of employment and alleged employment capacity of Plaintiff Hollis D. Graham and, therefore, denies same.

18.     Varn denies the allegations contained in paragraph 18 as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

19.     Varn is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the nineteenth paragraph relating to the work

environment, responsibilities or employment duties of Plaintiff Hollis D. Graham and, therefore, denies same.

20.     Varn denies the allegations contained within paragraph twenty as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

21.     Varn denies the allegations contained within paragraph twenty-one as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

22.     Varn denies the allegations contained within paragraph twenty-two as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

23.     Varn denies the allegations contained within paragraph twenty-three as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

24.     Varn denies the allegations contained within paragraph twenty-four as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

25.     Varn denies the allegations contained within paragraph twenty-five as it relates to

itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

26.    The allegations of the twenty-sixth paragraph do not appear to relate to Varn; therefore, no response is required.  To the extent that the allegations in this paragraph attempt to assert liability on Varn, Varn denies the same.

27.    Varn is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the twenty-seventh paragraph relating to the alleged illness, diagnoses or diagnoses dates of Plaintiff Hollis D. Graham and, therefore, denies same.

### PLAINTIFF'S CLAIMS AGAINST DEFENDANTS

28.    Varn reavers and realleges its answers to previous paragraphs 1 - 27.

### COUNT I - Alabama Extended Manufacturer's Liability Doctrine (AEMLD)

29.    Varn denies the allegations contained within paragraph twenty-nine as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

30.    Varn denies the allegations contained within paragraph thirty as it relates to itself. As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

31.    Varn denies the allegations contained within paragraph thirty-one as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

32.     Varn is without sufficient information to admit or deny the allegations within paragraph thirty-two as it relates to itself, and therefore, denies the same.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

33.     Varn denies the allegations contained within paragraph thirty-three as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

34.     Varn denies the allegations contained within paragraph thirty-four as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

35.     Varn denies the allegations contained within paragraph thirty-five as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

36.     Varn denies the allegations contained within paragraph thirty-six as it relates to itself.  Varn specifically denies that it is liability for any illness, injury, disability and damages as claimed by the Plaintiffs. As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph,

and with the knowledge it currently has cannot admit or deny the same.

Varn denies the allegations contained in the last unnumbered paragraph under the heading of "Plaintiff's Claims Against Defendants" "COUNT I - Alabama Extended Manufacturer's Liability Doctrine (AEMLD)" of Plaintiffs' Complaint, starting with WHEREFORE.   Insofar as the allegations contained in the unnumbered paragraph under the heading of "Plaintiff's Claims Against Defendants" "COUNT I - Alabama Extended Manufacturer's Liability Doctrine (AEMLD)" of Plaintiffs' Complaint, starting with WHEREFORE apply to other defendants or , Varn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.  Varn further denies that the Plaintiffs are entitled to judgment against it jointly, severally, or collectively for general damages, special damages, punitive and/or exemplary damages, or in any amount for any reason whatsoever.

## COUNT II - NEGLIGENCE

38.    Varn denies the allegations contained within paragraph thirty-eight as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

39.    Varn states that it fulfilled its duty owed to its customers.  To the extent that the allegations contained within this paragraph attempt to assert any liability for damages to Varn, Varn denies the same.

40.    Varn denies the allegations contained within paragraph forty as it relates to itself. As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it

currently has cannot admit or deny the same.

41.    Varn denies the allegations contained within paragraph forty-one as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

42.    Varn denies the allegations contained within paragraph forty-two as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

43.    Varn denies the allegations contained within paragraph forty-three as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

44.    Varn denies the allegations contained within paragraph forty-four, and its sub-paragraphs a - h, as it relates to itself.   As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

Varn denies the allegations contained in the last unnumbered paragraph under the heading of "Plaintiff's Claims Against Defendants" "Negligence" of Plaintiffs' Complaint, starting with WHEREFORE.  Insofar as the allegations contained in the unnumbered paragraph under the heading of "Plaintiff's Claims Against Defendants" "Negligence" of Plaintiffs' Complaint, starting with WHEREFORE apply to other defendants or , Varn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

and accordingly these allegations are denied.  Varn further denies that the Plaintiffs are entitled to judgment against it jointly, severally, or collectively for general damages, special damages, punitive and/or exemplary damages, or in any amount for any reason whatsoever.

## COUNT III - WANTONNESS

45.    Varn denies the allegations contained within paragraph forty-five as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

46.    Varn denies the allegations contained within paragraph forty-six as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

47.    Varn denies the allegations contained within paragraph forty-seven as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

48.    Varn denies the allegations contained within paragraph forty-eight as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

Varn denies the allegations contained in the last unnumbered paragraph under the heading of "Plaintiff's Claims Against Defendants" "Wantonness" of Plaintiffs' Complaint, starting with WHEREFORE.  Insofar as the allegations contained in the unnumbered paragraph

under the heading of "Plaintiff's Claims Against Defendants" "Wantonness" of Plaintiffs' Complaint, starting with WHEREFORE apply to other defendants or , Varn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.  Varn further denies that the Plaintiffs are entitled to judgment against it jointly, severally, or collectively for general damages, special damages, punitive and/or exemplary damages, or in any amount for any reason whatsoever.

## COUNT IV - BREACH OF WARRANTY

49.    Varn denies the allegations contained within paragraph forty-nine as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

Varn denies the allegations contained in the last unnumbered paragraph under the heading of "Count IV - Breach of Warranty" of Plaintiffs' Complaint, starting with WHEREFORE.  Insofar as the allegations contained in the unnumbered paragraph under the heading of "Count IV - Breach of Warranty" of Plaintiffs' Complaint, starting with WHEREFORE apply to other defendants or , Varn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.  Varn further denies that the Plaintiffs are entitled to judgment against it jointly, severally, or collectively for general damages, special damages, punitive and/or exemplary damages, or in any amount for any reason whatsoever.

## COUNT V

50.    Varn denies the allegations contained within paragraph fifty as it relates to itself. As it relates to other defendants, Varn is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

51.    Varn denies the allegations contained within paragraph fifty-one as it relates to itself.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

52.    Varn denies the allegations contained within paragraph fifty-two as it relates to any liability this paragraph attempts to assert on Varn.  As it relates to other defendants, Varn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph, and with the knowledge it currently has cannot admit or deny the same.

Varn denies the allegations contained in the last unnumbered paragraph under the heading of "Count V" of Plaintiffs' Complaint, starting with WHEREFORE.  Insofar as the allegations contained in the unnumbered paragraph under the heading of "Count V" of Plaintiffs' Complaint, starting with WHEREFORE apply to other defendants or , Varn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.  Varn further denies that the Plaintiffs are entitled to judgment against it jointly, severally, or collectively for general damages, special damages, punitive and/or exemplary damages, or in any amount for any reason whatsoever.

## CONCLUSION

Varn denies all allegations of the unnumbered paragraph contained under the heading "Conclusion" and starting with WHEREFORE. Varn further denies that the Plaintiffs are entitled to judgment against it jointly, severally, or collectively for compensatory, general damages and/or punitive damages in an amount to be determined at trial or in any amount whatsoever.

12

WHEREFORE, Varn International, Inc. demands and moves the Court to dismiss Plaintiffs' Complaint herein against it and further says that the Plaintiffs are not entitled to recover herein against Varn as is alleged in said Plaintiffs' Complaint.

## THIRD DEFENSE

The Complaint should be dismissed based on a mis-joinder of parties and mis-joinder of claims.

## FOURTH DEFENSE

The claims alleged herein against VARN are barred by the applicable statutes of limitation and, alternatively, by the doctrine of laches.

## FIFTH DEFENSE

The Court lacks jurisdiction over the person and/or property of VARN.

## SIXTH DEFENSE

The Court lacks jurisdiction over the subject matter of Plaintiffs' claims.

## SEVENTH DEFENSE

Venue is improper.

## EIGHTH DEFENSE

There is an insufficiency of process and an insufficiency of service of process.

## NINTH DEFENSE

Any product sold or supplied by VARN was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

## TENTH DEFENSE

If it is determined that the Plaintiffs have made any form of recovery by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then

VARN claims the benefit of such recovery by way of setoff, payment, credit, recoupment, accord and satisfaction, or otherwise.

## ELEVENTH DEFENSE

VARN denies that it is liable to the Plaintiffs under the Alabama Extended Manufacturers Liability Doctrine, (AEMLD), and reserves the right to assert any other defense available to VARN under that doctrine.

## TWELFTH DEFENSE

There should be no recovery against VARN because the exposure of the Plaintiff Hollis Graham to VARN's products, if any, was *de minimus*.

## THIRTEENTH DEFENSE

VARN states that the Plaintiff Hollis Graham was not exposed to benzene through any act or omission of VARN, and if any such exposure occurred, which is denied, such exposure was of such insufficient quantities or at such time or under such conditions as to not render VARN liable therefore.

## FOURTEENTH DEFENSE

There should be no recovery against VARN because to the extent that VARN acted or failed to act, VARN's conduct was in keeping with the State of the Medical, Scientific and Industrial Art as it existed at all pertinent times.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver and estoppel.

## SIXTEENTH DEFENSE

Plaintiffs are barred from bringing this action under the doctrine of *res judicata*.

## SEVENTEENTH DEFENSE

14

If the Plaintiffs suffered any injuries or damages, as alleged, which is specifically denied, the same resulted from the acts and omissions of persons other than VARN, including, but not limited to, Plaintiff's, Hollis Graham's employers, for which VARN is in no way liable. Such acts and omissions constitute an independent, efficient, intervening cause which superseded any alleged legal wrong of VARN and constitute the sole proximate or legal cause of the injuries and damages, if any, alleged by the Plaintiffs.

### EIGHTEENTH DEFENSE

VARN adopts and incorporates any and all other defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with VARN's assertion that it is not liable to Plaintiffs for any amount whatsoever.

### NINTEENTH DEFENSE

There should be no recovery against VARN because of any failure to warn or the inadequacy of warnings. Upon information and belief, at all times pertinent to Plaintiffs' claims, said Plaintiff Hollis Graham was possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and Plaintiff Hollis Graham was required to follow specific written safety procedures as established by Plaintiff Hollis Graham's employers which negated the need or requirement for any such warning.

### TWENTIETH DEFENSE

Plaintiff Hollis Graham misused, abused, abnormally or improperly used some or all of the products referred to in the Complaint, and used them in a manner other than that for which they were intended. Such abuse, or abnormal, improper use proximately caused or contributed to, in whole or in part, the injuries or damages sustained by the Plaintiff, if any. Plaintiff Hollis Graham failed to observe and use ordinary care and caution for one's own

safety, knowing that the products Plaintiff was using could cause damage if misused. Therefore, the proximate cause of Plaintiff's injuries or damages, if any, was a direct result of Plaintiff's negligence.

### TWENTY-FIRST DEFENSE

If Plaintiffs suffered any injuries or damages, as alleged, which is specifically denied, any such claim therefore against VARN is speculative and no recovery can be awarded to Plaintiffs.

### TWENTY-SECOND DEFENSE

Any injuries or damages alleged to have been sustained by the Plaintiffs were proximately caused or contributed to by the free and voluntary assumption of risk by the Plaintiffs.

### TWENTY-THIRD DEFENSE

Plaintiffs failed to mitigate the damages, if any.

### TWENTY-FOURTH DEFENSE

If Plaintiff Hollis Graham sustained any injuries or damages, which is denied, then such injuries or damages were proximately caused or contributed to by exposure to or inhalation of noxious and deleterious fumes and residues from industrial products and by-products and substances not legally connected to VARN, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

### TWENTY-FIFTH DEFENSE

As to any and all alleged breach of warranties, VARN would show that Plaintiffs are not a third party beneficiary of any express or implied warranties. Such claims are barred because of the following;

A.    The Plaintiffs were not in privity with VARN;

B.    Plaintiffs failed to give VARN notice of any alleged breach of warranty within a reasonable period of time;

C.    Any such unfulfilled warranties deemed to have been made by VARN is entitled to a credit in the amount of said settlement.

**TWENTY-SIXTH DEFENSE**

The obligations of VARN with regard to any products allegedly having a legal connection with it must be evaluated according to the State of the Medical and Industrial Art and the laws of the state, existing at the pertinent time.  VARN invokes all state-of-the-art defenses applicable to Plaintiffs' claims.

**TWENTY-SEVENTH DEFENSE**

Any award of punitive damages to Plaintiffs would be an unconstitutional violation of the provisions of the United States Constitution, including but not limited to the following;

A.    The Due Process and Double Jeopardy Clauses of the Fifth Amendment;

B.    The Excessive Fines Clause of the Eighth Amendment;

C.    The right to a Trial by Jury Clause of the Seventh Amendment;

D.    The Due Process and Equal Protection Clauses of the Fourteenth Amendment, Article One, Section Fifteen of the Constitution of Alabama of 1901; and

E.    Article One, Section Seven of the Constitution of Alabama of 1901.  Further, any award of punitive damages would be penal in nature.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs do not have a cause of action against VARN for either implied warranty or strict liability under the laws of the state of Alabama.  Therefore, such claims are barred.

## TWENTY-NINTH DEFENSE

The Plaintiffs' Complaint fails to name indispensable parties and, therefore, must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

## THIRTIETH DEFENSE

There should be no recovery against VARN based on the Alabama Extended Manufacturer's Liability Doctrine, because any culpable conduct of VARN, the existence of which is strenuously denied, occurred prior to the recognition of the Alabama Extended Manufacturer's Liability Doctrine.

Any attempt to impose liability upon VARN for conduct which occurred prior to the recognition of this doctrine would violate, separately and jointly, the Fifth and Tenth Amendments of the Constitution of the United States and Article One, Section Seven of the Constitution of Alabama of 1901.

Moreover, there is no causal relation between the activities of VARN and the injuries to the Plaintiffs of which the Plaintiffs now complain.

## THIRTY-FIRST DEFENSE

There should be no recovery against VARN under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama, to the extent that VARN's contractual obligations occurred prior to the enactment of said statutes. The imposition of such liability would violate the following;

A.    The Fifth Amendment of the Constitution of the United States;

B.    The Tenth Amendment of the Constitution of the United States;

C.    The Fourteenth Amendment of the Constitution of the United States; and

D.    Article One, Section Seven of the Constitution of Alabama of 1901.

## THIRTY-SECOND DEFENSE

There should be no recovery against VARN because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or expressed warranty, separately or jointly, would operate as an *ex-post-facto* imposition of legal liability and duty and thus would violate VARN's constitutional rights under;

A.    The Fifth Amendment of the Constitution of the United States;

B.    The Eighth Amendment of the Constitution of the United States;

C.    The Tenth Amendment of the Constitution of the United States;

D.    The Fourteenth Amendment of the Constitution of the United States;

E.    Article One, Section Fifteen of the Constitution of Alabama of 1901;

F.    Article One, Section Seven of the Constitution of Alabama of 1901;

G.    Such an imposition of liability and/or duty operates as an ex-post-fact law and expressed violation of the United States Constitution;

H.    The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/or liability without notice would be an act which is an expressed contravention of the Fifth and Fourteenth Amendments of the United States Constitution; and

I.    To the extent that recovery is awarded and money actually paid by VARN, VARN would be deprived of its property, without due process of law, and there would be an expressed violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

### THIRTY-THIRD DEFENSE

To the extent that Plaintiff Hollis Graham was ever employed by Varn, then the sole remedy of the Plaintiffs is under and pursuant to the Workers' Compensation Laws of this state or the state of residency of Plaintiff Hollis Graham. The Workers' Compensation Laws acts as a bar to preclude any action by Plaintiffs against Varn.

### THIRTY-FOURTH DEFENSE

There should be no recovery against VARN under any theory of enterprise liability, concert of action or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama.

### THIRTY-FIFTH DEFENSE

VARN avers that any award of punitive damages to the Plaintiffs will be violative of the constitutional safeguards provided to VARN under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States and that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, without standards and is not rationally related to legitimate interests.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims of punitive damages violate the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States Article I, Section 6 of the Constitution of the State of Alabama on the following grounds:

A.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a

reasonable doubt" burden of proof required in criminal cases;

B.    The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrong doing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

C.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against VARN which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

E.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar act and thus, violate the Dual Protection Clause of the Fourteenth Amendment of the United States Constitution; and

F.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**THIRTY-SEVENTH DEFENSE**

21

Plaintiffs' claims of punitive damages violate the due Process Clause of Article I, Section 6 of the Constitution of the State of Alabama on the following grounds;

A.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded fail to provide a limit to the amount of the award against VARN;

C.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interest;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.    The award of punitive damages in this case, constitutes a deprivation of property without due process of law; and

F.    It is a violation of the Due Process Clause to impose punitive damages against this Defendant, which are penal in nature, yet compel VARN to disclose potentially incriminating documents of evidence.

## THIRTY-EIGHTH DEFENSE

VARN asserts that there is no causal connection or relationship between any alleged negligence and defect on the part of VARN and Plaintiffs' injuries and/or damages.

## THIRTY-NINTH DEFENSE

Alabama law regarding joint and several liability is constitutionally void as to VARN

as applied to the facts and circumstances in this case and that:

A.    It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard to the quality and quantity of the culpable ability of other Defendants joining one action; and

B.    It operates to deny VARN a fair opportunity to have a jury assess damages based on VARN's own culpability for negligence and/or wantonness, which cannot be segregated from allegation of negligence and/or wantonness against other Defendants joined as one in this action.

### FORTIETH DEFENSE

That in failing to provide for joint contribution and apportionment of damages among Defendants:

A.    It deprives VARN of property without due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law; and

B.    Separately, if deprives VARN of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama.  Providing insofar as here germane that no person shall be deprived of property except by due process of law with the result that Plaintiff is not entitled to recover in this case VARN for damages based on the evidence of negligence and wantonness of other Defendants.

### FORTY-THIRD DEFENSE

VARN has no liability to the Plaintiffs because Plaintiff Hollis Graham's employers,

owners or operators of the premises or their agents, employees, and entities performing contract work on their behalf, were sophisticated users and/or learned intermediaries such that any alleged duty that VARN had to warn of any danger incident to use of the products, a duty which is specifically denied here, was discharged by those parties to give the Plaintiff Hollis Graham all required warnings.

## FORTY-FOURTH DEFENSE

No duty to warn or notify Plaintiffs  of any danger from exposure to VARN's products has ever devolved upon VARN; nevertheless, any delay by VARN in notification or warning to Plaintiffs of such danger which is claimed to have been required (and VARN denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of Plaintiffs against VARN.  Significantly, before the time any alleged duty to notify or warn could have arisen as to VARN, Plaintiff Hollis Graham was exposed to other substances from other sources sufficient to cause his condition, and/or received notification or warnings from other sources, including, but not limited to, his employer. Notification or warning thereafter is of no value and, therefore, no proximately causal relationship between any delay in notification or warning to Plaintiffs and his subsequent alleged condition exists.

## FORTY-FIFTH DEFENSE

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiffs' pre-existing illnesses or conditions not common to others persons and not determinable or foreseeable by VARN.  All injuries and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiffs' pre-existing injuries and conditions.

## FORTY-SIXTH DEFENSE

VARN reserves the right to amend its answer and affirmative defenses after investigation, discovery and further information is disclosed to VARN to enable it to properly answer Plaintiffs' Complaint and defend the claims asserted herein against VARN. VARN further will relies upon any law that is available to it after the completion of discovery and investigation of this cause.

### FORTY-SEVENTH DEFENSE

Some or all of the issues in the lawsuit may have already been litigated and therefore the Plaintiffs are *collaterally estopped* from re-litigating those issues.

### FORTY-EIGHTH DEFENSE

VARN states that Plaintiff Hollis Graham  was not exposed to benzene through any act or omission of VARN, and if any such exposure occurred, which is denied, such exposure was of such insufficient quantities or at such time or under such conditions as to not render VARN liable therefore.

### FORTY-NINTH DEFENSE

VARN would assert that any products in issue, if any, were changed, altered, or modified after they left VARN's control and such change, alteration, or modification was the legal cause of Plaintiffs' damages, if any.

### FIFTIETH DEFENSE

Plaintiffs are unable to provide legally sufficient proof of one or more of the essential elements of their claims.

### FIFTY-FIRST DEFENSE

Use of VARN's product, if any, was not the cause in fact of any injuries alleged in Plaintiffs' Complaint.

### FIFTY-SECOND DEFENSE

Plaintiff Hollis Graham was negligent in the use of the products in issue, if any, and any recovery should be reduced in proportion to the degree of Plaintiff's own negligence.

### FIFTY-THIRD DEFENSE

VARN asserts that there is no causal connection or relationship between any alleged negligence and/or defect on the part of VARN and Plaintiffs' injuries or damages.

### FIFTY-FOURTH DEFENSE

There should be no recovery against Varn for medical expenses incurred in the care, diagnosis or treatment of any injury to Plaintiff Hollis Graham, if any. Simply because said Plaintiff Hollis Graham's employers are obligated under the Workers' Compensation Laws of the state of Plaintiff Hollis Graham's residence to pay for medical expenses which were incurred as a result of this occurrence. Also, because said Plaintiff Hollis Graham was entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present and future medical expenses.

### FIFTY-FIFTH DEFENSE

Varn pleads notice to Plaintiff Hollis Graham's employers in accordance with *Vines v. Beloit Corp.*, 631 So. 2d 1003 (Ala. 1994).

### FIFTY-SIXTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the rule of repose.

### FIFTY-SEVENTH DEFENSE

Varn denies that its conduct was in any way negligent, reckless, or wanton.

AND NOW, having fully answered Plaintiffs' Complaint, and having set forth its

affirmative defenses, VARN prays for a dismissal of the Complaint, with prejudice, and for its costs, and such other general or special relief as this Court deems appropriate.

### ANSWER OF DEFENDANT VARN INTERNATIONAL, INC. TO ALL CROSS-CLAIMS OF DEFENDANTS ASSERTING CROSS-CLAIMS OR WHO MAY ASSERT CROSS-CLAIMS

The Defendant, Varn International, Inc., files this, its answer to all cross-claims and states as follows:

### FIRST DEFENSE

Each and every cross-claim filed herein fails to state a cause of action against Varn upon which relief may be granted.

### SECOND DEFENSE

Varn denies each and every allegation against it contained in each and every cross-claim filed herein.

### THIRD DEFENSE

Varn hereby adopts and incorporates herein by reference each and every responsive pleading and affirmative defense as set forth in its Answer to the Complaint as if fully set forth herein.

### FOURTH DEFENSE

Those Defendants filing cross-claims have no cause of action for contribution and/or indemnification against Varn.

WHEREFORE, having fully answered Plaintiffs' Complaint and all cross-claims of Defendants asserting cross-claims or who may assert cross-claims, Varn prays for a dismissal of the Complaint with prejudice, and for its costs, and such other general or special relief as this Court deems appropriate.

27

ACCORDINGLY, Varn International, Inc. demands that the Plaintiffs' Complaint be dismissed as against it with all costs assessed to Plaintiffs.

RESPECTFULLY SUBMITTED, this the 27th day of August, 2018.

VARN INTERNATIONAL, INC.

/s/ *Richard Crump*
Richard Crump (CRUMR6839)
MARON MARVEL BRADLEY ANDERSON & TARDY LLC
200 South Lamar Street, Suite 550N
P. O. Box 22803
Jackson, MS 39225-2803
Phone:   (601) 812-6630
Facsimile: (601) 206-0119
rcrump@maronmarvel.com
*Attorney for Varn International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, Richard Crump, do hereby certify that I have this day filed the

foregoing Answer via ECF, and have also served a true and correct copy of the same upon the

following via U.S. Mail and email:

> John E. Tomlinson
> Grant M. Cofer
> BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
> P.O. Box 4160
> Montgomery, Alabama 36103
> *Counsel for the Plaintiff*

This the 27th day of August, 2018.

/s/ *Richard Crump*
Richard Crump (CRUMR6839)
